O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

   This matter is before the Court on the motion of defendants Roomster Corporation, John S. Shriber, and Roman Zaks ("Defendants") to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the action under 28 U.S.C. section 1404(a).  As set forth below, the Court GRANTS the motion but does not dismiss the action.[1]  For reasons stated on the record, and in the interest of justice, the Court transfers the case to the Southern District of New York pursuant to 28 U.S.C. section 1406(a).  *See Multimin USA, Inc. v. Walco Int'l, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *8 (E.D. Cal. Apr. 11, 2006) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)) ("Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a).").

## A.   Background

   Plaintiff Reparata Mazzola filed this putative consumer class action seeking damages and other relief based on Defendants' alleged billing scheme involving the website Roomster.com.  According to Plaintiff, after signing up for a Roomster.com membership, she was subjected to hidden charges, unwanted services, and fraudulent billing practices.

   Roomster.com's Agreement contained the following forum selection language:

---

   [1]Docket No. 8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

GENERAL TERMS. By visiting this Site, you agree that this Agreement is governed in all respects by the laws of the State of New York, U.S.A., without reference to its conflicts of laws principles, and any dispute arising hereunder shall be submitted to state and federal courts in New York County, New York and you consent to the exclusive jurisdiction of such courts. If any provision of this Agreement is held to be invalid or unenforceable, such provision shall be struck and the remaining provisions shall be enforced.

**B.     Motion to Dismiss for Imroper Venue**

A motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue under FRCP 12(b)(3). *See Doe v. AOL, LLC*, 552 F.3d 1081, 1088 (9th Cir. 2009). In considering such a motion, the Court need not accept pleadings as true and may consider facts outside the pleadings. *R.A. Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996). The plaintiff bears the burden of establishing venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Arguenta*, 87 F.3d at 324 ("Although Bremen is an admiralty case, its standard has been widely applied to forum selection clauses in general.").

A party challenging enforcement of a forum selection clause must prove: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court if the clause was enforced; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit has been brought. *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Here, plaintiff argues that the inclusion of the forum selection clause was the product of fraud or overreaching and that enforcement of the clause would contravene California public policy.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

### 1. The forum selection clause was not the product of fraud or overreaching

In order to prevail on this point, Plaintiff must prove that the forum selection clause itself – not the Agreement as a whole – is the product of fraud or overreaching. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974).

Plaintiff argues that "[f]raud and overreaching exist because (1) Defendants' entire operation is a fraud and hence, the forum selection clause is nothing more than the fruit of it, and (2) Plaintiff was never adequately notified of the forum selection clause." Opposition p. 6.

Plaintiff's arguments regarding Defendants' purportedly fraudulent billing scheme have no bearing on how the forum selection clause itself was included in the Agreement. Plaintiff argues that "strong and powerful inferences can be and should be drawn that Defendants have gone out of their way to mask, hide, and conceal their fraud [relating to a billing scheme]; the same fraud by which they procured the so-called forum selection clause." Opposition p. 7. But these statements are conclusory and Plaintiff never explains how the forum selection clause itself is the product of fraud or overreaching. Instead, she contends that alleging one fraudulent scheme on the part of Defendants somehow taints everything else related to their business. This is not a sufficient showing. Further, the Supplemental Declaration of Defendant John Shriber demonstrates that the address listed for Roomster Corporation in its initial New York Department of State registration was genuine. At the hearing, counsel for Defendants promised to disclose the current address to opposing counsel forthwith.

Finally, Plaintiff has not shown that Defendants failed adequately to disclose the forum selection clause in the Agreement. Plaintiff herself cites to a case for the proposition, "A forum selection clause stated in clear and unambiguous language . . . is considered reasonably communicated to the plaintiff in determining its enforceability." Opposition p. 7 *(quoting Novak v. Tucows, Inc.*, No. 06-CV-1909, 2007 WL 922306, at *7 (E.D.N.Y. Mar. 26, 2007)). Here, there is no question that the forum selection clause is stated in clear and unambiguous language. Plaintiff argues that because the clause was "buried" at Paragraph 15 at pages four and five of the Agreement under the heading "GENERAL TERMS", it was inadequately disclosed. According to Plaintiff, the forum

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

selection clause must appear under the heading "VENUE" in order to be adequately and prominently disclosed. Plaintiff cites to no case law in support of this particular argument regarding specific headings, nor does the Court find that the forum selection clause was inadequately disclosed as it appeared in the Agreement.

## 2. Enforcing the forum selection clause would not contravene California public policy

Plaintiff argues that enforcement of the forum selection clause would contravene California public policy favoring consumer class actions and is contrary to the anti-waiver provision of the Consumer Legal Remedies Act ("CLRA").

Plaintiff relies primarily on a California Court of Appeal case, *America Online Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal.App.4th 1 (2001). In *Mendoza*, "AOL moved to dismiss Mendoza's action based on its forum selection clause designating 'the courts of Virginia.' . . . The state trial court denied AOL's motion holding the forum selection clause was unenforceable because it 'diminished' the rights of California consumers, and remedies available in Virginia were not 'comparable' to those in California." Opposition p. 8 (citations omitted). On appeal, the California Court of Appeal affirmed the trial court's decision.

The Ninth Circuit followed *Mendoza* in refusing to enforce the very same AOL forum selection clause. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1082-83 (9th Cir. 2009). In *AOL*, a *per curiam* decision, the Ninth Circuit first held that the forum selection clause's reference to "the courts of Virginia" meant only the state courts of Virginia. *Id.* at 1079. Having so held, the Ninth Circuit then relied on *Mendoza*, which had determined that the same AOL forum selection clause was invalid because consumer class actions are not available in Virginia state courts and the CLRA prohibits the waiver of its provisions. *Id.* at 1084.

*Mendoza* and *AOL* are clearly distinguishable from the case at bar. Unlike the forum selection clause in the *AOL* agreement, the forum selection clause at issue here explicitly does not limit Plaintiff to New York state court. Plaintiff is free to pursue remedies in federal court in New York. Thus, in interpreting the forum selection clause, this Court is not concluding that New York law applies to Plaintiff's action. To the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

contrary, once in the proper venue, Plaintiff is free to argue for application of California law.  *See Swenson v. T-Mobile USA, Inc.*, 415 F.Supp.2d 1101 (S.D. Cal. 2006) (Enforcing forum selection clause and finding "that Swenson is cleverly, but impermissibly, combining the forum selection clause and choice of law analyses when she argues that enforcement of the forum selection clause results in the application of a Washington law violative of California public policy.  Enforcement of the forum selection clause itself here does not contravene a strong public policy of California. . . . Swenson was free to, and in fact did, argue for the application of California." (citations omitted)); *see also Besag v. Customer Decorators, Inc.*, 2009 WL 330934 *14 (N.D. Cal. Feb. 10, 2009) (Enforcing a forum selection clause and observing that "[i]ndirect attacks [on a forum selection clause] based on what substantive law will ultimately apply to a party's claims are problematic because they require courts to speculate as to the potential outcome of the litigation on the merits in the transferee forum and to consider whether that outcome would conflict with a strong public policy of the transferor forum at the outset of the action." (quotation marks omitted)).

Finally, unlike in *Mendoza* and *AOL*, Plaintiff has made no showing that New York law – assuming it did apply to her action – does not provide the same or equivalent remedies as are available under California law.  Here, as in *Swenson*, enforcing the forum selection clause itself does not amount to a deprivation of Plaintiff's rights under California law, unlike in *Mendoza* and *AOL*.

The final case relied upon by Plaintiff, *Jones v. GNC Franchising, Inc.*, is also distinguishable.  211 F.3d 495, 498 (9th Cir. 2000).  In *Jones*, the Ninth Circuit held a forum selection clause to be unenforceable because it explicitly contravened Cal. Bus. & Prof. Code section 20040.5, which provides that any provision in a franchise agreement restricting venue is void.  Here, the California statutes under which Plaintiff brought suit contain no such prohibition on restricting venue.

/ / /

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5954 AHM (JCGx) | Date | November 30, 2010 |
|---|---|---|---|
| Title | REPARATA MAZZOLA v. ROOMSTER CORP., et al. | | |

## C. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion and transfers this action to the Southern District of New York.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**